**Thomas ENNIS, Julia Ennis, Plaintiffs—Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant—Appellee.**

No. 02–56295.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2004.

Decided June 3, 2004.

Norman J. Watkins, Esq., Lynberg & Watkins, Los Angeles, CA, Mark Brifman, Esq., Brifman & Bailey, Mission Hills, CA, for Plaintiffs and Plaintiffs–Appellants.

Ruth Segal, Esq., Lynberg & Watkins, Los Angeles, CA, for Plaintiffs–Appellants.

Gregory Michael MacGregor, Esq., Deborah A. Berthel, MacGregor & Berthel, Woodland Hills, CA, for Defendant–Appellee.

Before: RYMER and GRABER, Circuit Judges, and MOLLOY,\* Chief District

---

\* The Honorable Donald W. Molloy, Chief District Judge, United States District Court for

Judge.

## MEMORANDUM **

Thomas and Julia Ennis appeal the summary judgment entered in favor of Allstate Insurance Company. They argue that there is a triable issue of fact as to injury and damages; that even though Allstate did not assume an obligation in its policy to issue a repair report, it undertook to do so and thereby became obligated to assure that the recommendations were not the work product of one who misrepresented himself as an architect; and that Allstate approved of Shadowbrook Design Group as the Ennises' contractor. We affirm.

Accepting as true that LeAndre Davis fraudulently misrepresented his credentials, and that Allstate should have advised the Ennises of what it knew about Davis, still we agree with the district court that the Ennises did not adduce evidence of cognizable damages. We have carefully reviewed the expert declarations and reports, as well as the deposition testimony. Although there is evidence that Allstate's assessment of the damage was inaccurate, particularly in light of a later City of Los Angeles memorandum on sheer strength, there is none showing that, or by how much, Allstate underpaid for the actual cash value of the damage to the Ennises' house. *See, e.g., Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir.2001); *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal.2d 822, 830, 69 Cal.Rptr. 321, 442 P.2d 377 (1968). Allstate paid benefits that were claimed under the policy, promptly. Beyond this, no triable issue of injury is presented. As

the District of Montana, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the

this is true for all causes of action, summary judgment was appropriate.

AFFIRMED.